UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Civil Case Number: _____

Ner N. Otero-Vazquez,

              Plaintiff,

vs.

Santander Consumer USA, Inc.,

              Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Ner N. Otero-Vazquez, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Ner N. Otero-Vazquez ("Plaintiff"), is an adult individual residing in Kissimmee, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by 559.55(2).

5. The Defendant, Santander Consumer USA, Inc. ("Santander"), is a Texas business entity with a mailing address of P.O. Box 961245 Fort Worth, Texas 76161, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined by 559.55(3).

## FACTS

6. Within the last year, Santander began calling Plaintiff's cellular telephone, number 407-xxx-9834.

7. Santander placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

8. Santander leaves Plaintiff pre-recorded voicemail messages on Plaintiff's cellular telephone.

9. In or around the end of February 2020, Plaintiff spoke with a live representative and requested that all calls cease.

10. Nevertheless, Santander continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

11. The Plaintiff incorporates by reference Paragraphs 1-10 of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a predictive dialer.

15. Santander left Plaintiff pre-recorded voicemail messages on his cellular telephone.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by Verizon for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

23.     The Plaintiff incorporates by reference Paragraphs 1 though 10 of this Complaint as though fully stated herein.

24.     The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

25.     Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.77;

  D. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77

    against the Defendant;

  E. Punitive damages pursuant to Fla. Stat. § 559.77; and

  F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 16, 2020

            Respectfully submitted,

     By  */s/ Matthew Fornaro*

            Matthew Fornaro, Esq.
            Florida Bar No. 0650641
            Matthew Fornaro, P.A.
            11555 Heron Bay Boulevard, Suite 200
            Coral Springs, FL 33076
            Telephone: (954) 324-3651
            Facsimile: (954) 248-2099
            E-mail: mfornaro@fornarolegal.com